## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | **Chapter 11** |
| | ) | |
| **AGSPRING MISSISSIPPI REGION, LLC, *et al.*,**[1] | ) | **Case No. 21-11238 (CTG)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered** |
| | ) | |
| ———————————————— | ) | **Adversary Proceeding** |
| | ) | **No. _____** |
| **LVS II SPE XVIII LLC and HVS V LLC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **LARRY TUBBS, TUBBS RICE DRYERS, INC., CHIEF VENTURES, L.L.C., and BIG RIVER GRAIN, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ADVERSARY PROCEEDING COMPLAINT

LVS II SPE XVIII LLC ("LVS") and HVS V LLC ("HVS" and with LVS, the "Lenders"),

by and through undersigned counsel, state their complaint for declaratory relief against Defendants

Larry Tubbs, Tubbs Rice Dryers, Inc., Chief Ventures, L.L.C., and Big River Grain, LLC

(collectively "Defendants") as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring Mississippi Region, LLC (9147); Agspring MS 1, LLC (6456); Agspring MS, LLC (2692); Lake Providence Grain and Rice LLC (1986); and Bayou Grain & Chemical Corporation (7831).  The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

## JURISDICTION AND VENUE

1.      This is an action for a declaratory judgment under rule 7001(9) of the Federal Rules of Bankruptcy Procedure seeking a determination as to the validity, priority, and extent of Defendants' liens on certain property of the Debtors.

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, and 1334.

3.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(K).

## NATURE OF THE ACTION

4.      In this adversary proceeding, the Lenders are seeking a determination and declaration that:

      a.      The Lenders have first-priority liens on each of the 79 grain bins, other grain storage equipment, grain dryers, and ground piles (collectively, the "Personal Property") located at the three facilities of AMR allegedly subject to mortgages in favor of the Defendants (such facilities, collectively, the "Facilities");

      b.      The Defendants lack valid and enforceable lines on the Personal Property at two of the three Facilities;[2] and

      c.      To the extent Defendants have valid and enforceable liens on any of the Personal Property, such liens are junior to the Lenders' liens on the Personal Property.

---

[2] Nothing herein shall be deemed an acknowledgment or admission of the Lenders as to the existence, validity, or enforceability of any purported lien of Defendants.

**PARTIES**

5.      The Lenders are limited liability companies organized and existing under the laws of Delaware.  The Lenders are prepetition secured lenders to, among others, Debtor Agspring Mississippi Region, LLC ("AMR").

6.      Upon information and belief, Larry Tubbs ("Tubbs") is an individual residing in Madison Parish, Louisiana.

7.      Upon information and belief, Tubbs Rice Dryers, Inc. ("Rice Dryers") is a Louisiana corporation with a principal place of business in Madison Parish, Louisiana.

8.      Upon information and belief, Chief Ventures, L.L.C. ("Chief Ventures") is a limited liability company organized and existing under the laws of Louisiana with a principal place of business in Madison Parish, Louisiana.

9.      Upon information and belief, Big River Grain, LLC ("Big River Grain") is a limited liability company organized and existing under the laws of Louisiana with a principal place of business in Madison Parish, Louisiana.

10.      Collectively, Tubbs, Rice Dryers, Chief Ventures, and Big River Grain are referred to herein as "Defendants."

**FACTUAL BACKGROUND**

11.      During the relevant time period from or about 2013 through 2019, AMR and its subsidiaries provided origination, grain drying, storage and handling, logistics, marketing and distribution, and risk management for the Northeastern Louisiana and Southeastern Arkansas region's crops of soybeans, corn, rice, wheat, and milo.  In connection with its business operations, AMR owned (and still owns) certain real and personal property located in the Parishes of West Carroll, Morehouse, and East Carroll, Louisiana.

12.    AMR's facility in the Parish of West Carroll, Louisiana is commonly referred to as the "Pioneer Facility." The Pioneer Facility consists of at least two tracts of land with certain buildings and other improvements thereon. The Pioneer Facility also hosts certain personal property of AMR, including 37 grain bins, other grain storage equipment, and grain dryers constituting Personal Property.

13.    AMR's facility in the Parishes of Morehouse and West Carroll, Louisiana is commonly referred to as the "Mer Rouge Facility." The Mer Rouge Facility consists of at least four tracts of land with certain buildings and other improvements thereon. The Mer Rouge Facility also hosts certain personal property of AMR, including 25 grain bins, other grain storage equipment, grain dryers, and ground piles constituting Personal Property.

14.    AMR's facility in the Parish of East Carroll is commonly referred to as the "Monticello Facility." The Monticello Facility consists of at least three tracts of land with certain buildings and other improvements thereon. The Monticello Facility also hosts certain personal property of AMR, including 17 grain bins, other grain storage equipment, grain dryers, and ground piles constituting Personal Property.

15.    The Personal Property is not a fixture.

**Lenders' Hold a Valid, Priority Security Interest in all Personal Property Owned by AMR, including the Personal Property**

16.    Pursuant to that certain Credit Agreement, dated as of December 11, 2015 (as amended, restated, supplemented or otherwise modified from time to time), by and among Agspring, LLC ("Agspring"), the Lenders, and U.S. Bank National Association, as administrative agent for the Lenders ("Term Agent"), the Lenders extended loans and other financial accommodations to Agspring (the "Term Loan").

17.     Pursuant to that certain Guaranty Agreement, dated as of December 11, 2015 (as amended, supplemented, or otherwise modified from time to time, the "Term Guaranty"), AMR irrevocably and unconditionally guaranteed Agspring's obligations under the Term Loan.

18.     As security for the Term Loan and its obligations under the Term Guaranty, AMR granted to the Term Agent, for the benefit of the Lenders, a senior secured lien on substantially all of its personal property assets (the "Term Loan Lien").

19.     On December 14, 2015, the Term Lender perfected the Term Loan Lien by filing a UCC-1 Financing Statement against AMR with the Delaware Department of State (the "Lenders' UCC-1 Financing Statement").  The Lenders' UCC-1 Financing Statement was properly and validly continued on December 1, 2020.

20.     The Term Loan is a valid debt held by the Lenders against AMR under the Term Guaranty, and the Term Loan Lien is valid, binding, enforceable, non-avoidable, and properly perfected as of December 14, 2015.

21.     On November 4, 2021, the Bankruptcy Court entered its *Final Order (I) Authorizing the Debtors to Obtain Back-Up Postpetition Financing to the Extent Necessary; (II) Authorizing the Debtors to Use Cash Collateral; (III) Granting Liens and Providing Super-Priority Administrative Expense Status; (IV) Granting Adequate Protection; (V) Modifying the Automatic Stay; and (VI) Granting Related Relief* (the "DIP Order") finding, among other things, that each of the Term Loan and the Term Loan Lien are valid, binding, enforceable, and non-avoidable.

22.     The DIP Order is binding on Defendants such that Defendants cannot challenge, object to, or otherwise avoid the validity, enforceability, or perfection of the Term Loan or Term

CHAR2\2560326v3

Loan Lien, including by way of avoidance, disallowance, recharacterization, or subordination (equitable or otherwise).

23.    The Lenders have valid, enforceable, and properly perfected security interests in, and liens on and against, the Personal Property as of December 14, 2015.

**Defendants' Mortgages Do Not Create any Lien or Security Interest in any Non-Fixture Personal Property of AMR at the Mer Rouge Facility or the Monticello Facility**

24.    Defendants assert that Debtor AMR entered into several promissory notes in favor of Defendants on June 26, 2013, September 6, 2013, and February 1, 2014.

25.    Defendants further assert that the foregoing notes are secured by three mortgages in favor of Defendants, as follows:

a.    That certain Mortgage, Security Agreement and Assignment of Lease and Rents recorded in the mortgage records of West Carroll Parish in Mortgage Book 254, Page 787, as amended that by that certain Amendment of Mortgage dated June 26, 2013 and recorded in the mortgage records of West Carroll Parish in Mortgage Book 265, page 551 (the "Pioneer Mortgage");

b.    That certain Mortgage, Security Agreement and Assignment of Lease and Rents recorded in the mortgage records of West Carroll Parish in Mortgage Book 256, Page 24 and recorded in the mortgage records of Morehouse Parish in Mortgage Book 710, page 172, as amended that by that certain Amendment of Mortgage dated September 6, 2013 and recorded in the mortgage records of West Carroll Parish in Mortgage Book 265, page 546 and in the mortgage records of Morehouse Parish in Mortgage Book 736, page 555 (the "Mer Rouge Mortgage"); and

CHAR2\2560326v3

    c.        That certain Mortgage, Security Agreement and Assignment of Lease and Rents recorded in the mortgage records of East Carroll Parish in Mortgage Book 220, Page 192, as amended that by that certain Amendment of Mortgage dated June 26, 2013 and recorded in the mortgage records of East Carroll Parish in Mortgage Book 223, page 229 (the "Monticello Mortgage").

26.    The Pioneer, Mer Rouge, and Monticello Mortgages and collectively referred to herein as the "Mortgages."

27.    While the Mortgages purport to grant the Defendants security interests in the subject real property described therein, as well as the buildings, other improvements, and fixtures located on such real property, the Mer Rouge and Monticello Mortgages do not grant Defendants a security interest in non-fixture personal property of AMR.[3]

28.    In addition, Defendants failed to properly perfect any security interest they may have had on non-fixture personal property of AMR until August 15, 2019, when Defendants filed a UCC-1 Financing Statement with the Delaware Department of State (the "Defendants' UCC-1 Financing Statement").

29.    The Defendants' UCC-1 Financing Statement was subsequent to the Lenders' UCC-1 Financing Statement.

## THE CLAIM FOR RELIEF

30.    Lenders repeat and reallege the preceding paragraphs as though fully set forth herein.

---

[3] The Pioneer Mortgage purports to grant Defendants a security interest in certain non-fixture personal property assets of AMR.

31.    An actual, present, and justiciable controversy has arisen between the Lenders and Defendants regarding the existence, validity, enforceability, and perfection of any security interest or lien held by the Defendants in or against the Personal Property and the priority of the Lenders' security interests in, and lien on and against, the Personal Property.

32.    The Personal Property constitutes non-fixture personal property of the Debtors.

33.    Pursuant to the relevant loan documents, UCC-1 Financing Statements, and rulings by this Court, including the DIP Order, Lenders hold valid, enforceable, and properly perfected security interests in, and liens on and against, the Personal Property as of December 14, 2015.

34.    Defendants do not have a valid, enforceable, or perfected security interest or lien on any non-fixture personal property of the Debtors at the Mer Rouge or Monticello Facilities, including the Personal Property.

35.    To the extent Defendants hold a valid and enforceable security interest or lien on any non-fixture personal property of AMR, including the Personal Property at any Facility, such security interest or lien was not perfected until August 15, 2019, and is therefore subordinate to the Lenders' prior-perfected security interest in and lien on the Personal Property.

36.    Lenders therefore request a declaratory judgment from this Court, pursuant to rule 7001(9) of the Federal Rules of Bankruptcy Procedure that the Lenders' valid, enforceable, and properly perfected security interest and lien in and against the Personal Property is superior to any security interest or lien Defendants may have in the Personal Property.

**PRAYER FOR RELIEF**

WHEREFORE, the Lenders respectfully request that the Court:

1.    Enter judgment declaring that:

a.    The Personal Property constitutes non-fixture personal property of AMR;

b.     Defendants do not have any security interest in, or lien on or against, the Personal Property at the Mer Rouge and Monticello Facilities;

c.     To the extent Defendants hold any security interest in, or lien on or against, any Personal Property, such security interest and lien is junior to the liens of the Lenders thereon; and

d.     The Lenders' security interest in, and liens on and against, the Personal Property are superior and senior to any security interest or lien that Defendants may have on the Personal Property.

2.     Award Lenders all fees and costs associated with this action to the extent permitted by law; and

3.     Grant such other and further relief in favor of the Lenders as the Court deems just and proper.

Dated: March 17, 2022

**RICHARDS, LAYTON & FINGER, P.A.**

_____*/s/ Jason M. Madron*_____

Michael J. Merchant (No. 3854)
Jason M. Madron (No. 4431)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and -

**MOORE & VAN ALLEN PLLC**
Zachary H. Smith (admitted *pro hac vice*)
Gabriel Mathless (admitted *pro hac vice*)
Stephen E. Gruendel (admitted *pro hac vice*)
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Telephone:  (704) 331-1000
Facsimile:  (704) 378-1989

*Counsel for the Lenders*

CHAR2\2560326v3